UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| MIFAB PLUMBING INNOVATIONS, LLC and MIFAB, Inc., | **COMPLAINT** |
| Plaintiffs, | |
| v. | Case No. _____ |
| LIQUIDBREAKER, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

---

Plaintiffs MIFAB Plumbing Innovations, LLC and MIFAB, Inc. (collectively, "MIFAB"), for their complaint against defendant LiquidBreaker, LLC ("LiquidBreaker"), allege as follows:

## PRELIMINARY STATEMENT

1. This is an action for unfair competition and false and misleading advertising arising from LiquidBreaker's contacts and communications with MIFAB's customers and representatives relative to MIFAB's MI-GARD floor drain trap seal products. In addition, MIFAB seeks a declaratory judgment that it does not infringe any patents, trademarks or other intellectual property of LiquidBreaker.

## PARTIES

2. MIFAB Plumbing Innovations, LLC is an Illinois limited liability company with its principal place of business in Chicago, Illinois.

3. MIFAB, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. MIFAB is engaged in the business of manufacturing and selling commercial plumbing products.

5. Upon information and belief, LiquidBreaker is a California limited liability company with its principal place of business in Brea, California.

6. LiquidBreaker is in the business of selling water conservation products.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, related state statutes and common law. In addition, this is a declaratory judgment action brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

8. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1367(a), and §§ 2201(a) and 2202.

9. Upon information and belief, this Court has personal jurisdiction over LiquidBreaker because LiquidBreaker has sufficient minimum contacts with Illinois, and has intentionally availed itself of the markets in Illinois through the presence of one or more representatives in Illinois and through the promotion, marketing, distribution and sale of products sufficient to render the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice, and by virtue of LiquidBreaker's false or misleading statements of fact regarding MIFAB, causing injury to MIFAB in this District and directed against MIFAB in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## **FACTS**

11.     MIFAB Plumbing Innovations, LLC and LiquidBreaker were parties to an Exclusive Distribution Agreement ("EDA"), dated July 19, 2013, under which MIFAB Plumbing Innovations, LLC was appointed as LiquidBreaker's exclusive distributor for the "Green Drain" product line.

12.     On or about December 1, 2014, MIFAB Plumbing Innovations, LLC and LiquidBreaker executed a Termination Agreement which resulted in the termination of the EDA.

13.     Among other things, the Termination Agreement provides that the parties shall be free to go about their own business and generally compete in the marketplace as if the EDA had never been executed.

14.     MIFAB, Inc. applied and paid for IAPMO certification of its MI-GARD floor drain trap seal protection devices, and a Certificate of Listing was issued by IAPMO Research and Testing, Inc. to MIFAB, Inc.

15.     MIFAB, Inc. agreed to have LiquidBreaker's Green Drain products cross listed on MIFAB, Inc.'s certification.

16.     After MIFAB, Inc. learned that Liquidbreaker was contacting MIFAB's representatives and customers directly in an attempt to sell its Green Drain product line, in violation of the parties' agreement, MIFAB, Inc. instructed IAPMO to remove Liquidbreaker from MIFAB, Inc.'s IAPMO Certification.

17.     Upon information and belief, LiquidBreaker has not received IAPMO certification for its Green Drain product line other than the certification applied and paid for by MIFAB, Inc.

18. MIFAB engaged a new supplier to make floor drain trap seal protection devices, and is presently selling and offering to sell those devices under the MI-GARD brand and mark.

19. MIFAB's manufacture, use, sale, offer to sell and import of MI-GARD products does not infringe any patents, trademarks or other intellectual property of LiquidBreaker.

20. MIFAB does not need a license from LiquidBreaker to manufacture, use, sell, offer to sell or import the MI-GARD product.

21. After execution of the Termination Agreement, MIFAB Plumbing Innovations, LLC ceased all sales of the "Green Drain" product line.

22. MIFAB Plumbing Innovations, LLC has honored all of its obligations under the Termination Agreement.

23. LiquidBreaker, through its distributors and representatives, has falsely represented to MIFAB's representatives and customers that MIFAB cannot supply the MI-GARD product and that MIFAB is not permitted to sell the MI-GARD product.

24. LiquidBreaker has falsely alleged that MIFAB has misappropriated LiquidBreaker's trade secrets or otherwise infringed LiquidBreaker's intellectual property rights.

25. On April 30, 2015, LiquidBreaker issued a press release which falsely states that MIFAB is not licensed to sell or distribute Green Drain or MI-GARD products, despite the fact that MIFAB no longer sells Green Drain products and does not need a license from LiquidBreaker to sell the MI-GARD product.

26. The press release falsely states that MFAB has not honored its commitments.

27. The press release falsely states that LiquidBreaker perfected the IAPMO certification, despite the fact that the IAPMO certification was applied and paid for by MIFAB, Inc. and issued to MIFAB, Inc.

## COUNT I

## **FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)**

28. MIFAB realleges paragraphs 1 through 27 above.

29. In marketing and selling its Green Drain products, LiquidBreaker has used in interstate commerce literally false and/or misleading statements, descriptions and representations with respect to the parties' respective products, in violation of 15 U.S.C. § 1125(a).

30. LiquidBreaker made the false and/or misleading statements, descriptions and representations for the purpose of misleading distributors, representatives, retailers, consumers and others into believing that MIFAB has no right to sell its MI-GARD products and/or needs a license from LiquidBreaker to sell its MI-GARD products; that LiquidBreaker applied and paid for IAPMO certification; and for otherwise influencing customers to buy its Green Drain products.

31. LiquidBreaker's false and/or misleading statements, descriptions and representations are material in that they are likely to influence the purchasing decisions of consumers of its products.

32. Upon information and belief, or as a reasonable opportunity for discovery will show, LiquidBreaker's conduct was willful and wanton.

33. As a direct and proximate result of LiquidBreaker's unlawful acts, MIFAB has been damaged in an amount to be determined at trial.

34. Unless enjoined by the Court, LiquidBreaker's unlawful acts will continue to cause irreparable damages, loss and injury to MIFAB for which it has no adequate remedy at law.

## COUNT II

## **COMMON LAW UNFAIR COMPETITION**

35. MIFAB realleges paragraphs 1 through 34 above.

36. The foregoing actions of LiquidBreaker constitute unfair competition under common law.

37. As a direct and proximate result of LiquidBreaker's unlawful acts, MIFAB has been damaged in an amount to be determined at trial.

38. Unless enjoined by the Court, LiquidBreaker's unlawful acts will continue to cause irreparable damages, loss and injury to MIFAB for which it has no adequate remedy at law.

## COUNT III

## **VIOLATION OF 815 ILCS 510 *et seq.***

39. MIFAB realleges paragraphs 1 through 38 above.

40. The foregoing actions of LiquidBreaker constitute a violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

41. Under the Illinois Uniform Deceptive Trade Practices Act, "[a] person engages in a deceptive trade practice when, in the course of his or her business, vocation or occupation, the person . . . causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." 815 ILCS 510/2(a)(2).

42. LiquidBreaker's conduct has caused MIFAB to suffer damage to its operation, reputation and goodwill.

43. Upon information and belief, or as a reasonable opportunity for discovery will show, LiquidBreaker willfully engaged in one or more deceptive trade practices.

44. As a direct and proximate result of LiquidBreaker's unlawful acts, MIFAB has been damaged in an amount to be determined at trial.

## COUNT IV

## DECLARATORY JUDGMENT

45. MIFAB realleges paragraphs 1 through 44 above.

46. LiquidBreaker has directly and/or indirectly alleged that MIFAB has misappropriated and infringed intellectual property rights of LiquidBreaker, and an actual case or controversy exists between MIFAB and LiquidBreaker in this regard.

47. MIFAB has not misappropriated any intellectual property of LiquidBreaker and does not infringe any intellectual property rights of LiquidBreaker.

48. MIFAB has been injured and damaged by LiquidBreaker's false allegations of intellectual property misappropriation and infringement.

49. Declaratory relief is both appropriate and necessary to establish that MIFAB has not misappropriated and does not infringe any intellectual property rights of LiquidBreaker, and that MIFAB does not require a license or authorization from LiquidBreaker to sell MI-GARD products.

## JURY DEMAND

MIFAB demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, MIFAB prays that the Court enter judgment in its favor and against LiquidBreaker and grant relief as follows:

- 8 -

  (A) Enter Judgment against LiquidBreaker and in favor of MIFAB with respect to all relief requested in this complaint;

  (B) Order that LiquidBreaker, its agents, distributors, officers, employees, representatives, and anyone working for, in concert with or on behalf of the foregoing, be preliminarily and permanently enjoined from engaging in false or misleading advertising in violation of 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of false or misleading advertising and statements, and corrective advertising and statements to remedy the effects of LiquidBreaker's wrongful actions;

  (C) Order that LiquidBreaker, its agents, distributors, officers, employees, representatives, and anyone working for, in concert with or on behalf of the foregoing, be preliminarily and permanently enjoined from engaging in deceptive trade practices in violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* which relief includes but is not limited to removal of false or misleading advertising and statements, and corrective advertising and statements to remedy the effects of LiquidBreaker's wrongful actions;

  (D) Order that LiquidBreaker, its agents, distributors, officers, employees, representatives, and anyone working for, in concert with or on behalf of the foregoing, be preliminarily and permanently enjoined from engaging in further acts of unfair competition;

  (E) Declare and Order that MIFAB has not and does not infringe any intellectual property rights of LiquidBreaker, and that MIFAB does not require a license or authorization from LiquidBreaker to sell MI-GARD products;

  (F) Enjoin LiquidBreaker, its officers, employees, agents, representative, licensees and all those in privity therewith from asserting any intellectual property rights against MIFAB, or its customers, distributors, affiliates and all others in privity with MIFAB with respect to MIFAB's MI-GARD products;

  (G) Award MIFAB damages in an amount to be determined by the Court for LiquidBreaker's false and misleading advertising and statements, unfair competition and deceptive trade practices;

    (H)    Order that such damages be trebled as a result of LiquidBreaker's willful, intentional and deliberate acts pursuant to 15 U.S.C. § 1117;

    (I)    Award MIFAB punitive damages under 85 ILCS 505/10a;

    (J)    Award MIFAB its costs, expenses and reasonable attorneys' fees in this action; and

    (K)    Grant such other and further relief as the Court deems appropriate.

Dated: May 14, 2015

Respectfully submitted,

By:    s/ Michael J. Berchou
       One of Their Attorneys

Michael J. Berchou
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, New York 14203
(716) 847-8400
Fax: (716) 852-6100
mberchou@phillipslyte.com